UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.                                          CASE NO. 3:19-CR-53(RNC)

SHAYNE SHAYER

RULING AND ORDER

Mr. Shayer is serving a 10-year term of supervised release following his conviction for downloading child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  He has moved for reconsideration of an order denying without prejudice his motion to modify special condition 13 of his supervised release conditions.  The motion for reconsideration is granted.  On reconsideration, special condition 13 will be amended as set forth below contingent on Mr. Shayer consenting to the amendment in full.

Background

Mr. Shayer has been on supervised release for approximately four years.  During this time he has been gainfully employed as a professional hairdresser.  He currently earns a substantial annual income providing hairdressing services to adults by appointment at a small salon.  He works alongside the owner of the salon with whom he has a business arrangement.  He would like to be able to increase his income by providing services to his clients' minor children.  On this basis, he asks that special condition 13, which prohibits him from employment involving contact with minors, be modified to read:

1

The defendant may provide hairdressing services to minor children.  The defendant shall not provide hairdressing services to unaccompanied minors under any circumstances.

The Probation Office has no objection to Mr. Shayer providing services to a client's minor child provided he informs the client of the nature of his criminal conviction. Mr. Shayer fears that informing clients of the conviction could lead them to stop using his services because of the stigma attached to sex offenses.

To resolve this problem, the Government suggests that Mr. Shayer be permitted to provide services to minor children if the Probation Office notifies the owner of the salon that his freedom to have contact with minors is limited and the owner commits to be present any time a minor is scheduled to receive hairdressing services.  Otherwise, Mr. Shayer could provide services to a minor only if he disclosed the nature of his conviction to the minor's parent or legal guardian and the parent or legal guardian agreed to remain in the salon throughout the appointment.

Mr. Shayer responds that modifying special condition 13 to allow him to provide services to minors with a parent or guardian present, without additional requirements of disclosure or supervision, would adequately safeguard the public.

Discussion

Under 18 U.S.C. § 3583((d)(1), a court may order as a condition of supervised release any of the discretionary conditions of probation listed in 18 U.S.C. § 3563(b), and "any other condition it considers to be appropriate," to the extent the conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant (as provided in 18 U.S.C. § 3553(a)(1)) and the

2

need to provide adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner (as provided in 18 U.S.C. § 3553(a)(2)(B), (C) and (D)). A condition may "involve[] no greater deprivation of liberty than is reasonably necessary" to serve these purposes, 18 U.S.C. § 3583(d)(2), and must be consistent with policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(3).

Section 3563(b)(5) of Title 18, governing discretionary conditions of probation, authorizes a court to require an individual to "refrain . . . from engaging in a specified occupation . . . bearing a reasonably direct relationship between to the conduct constituting the offense, or engage in such a specified occupation . . . only to a stated degree or under stated circumstances."

The Sentencing Guidelines address occupational restrictions in § 5F1.5, which provides:

**(a)** The court may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so, only if it determines that:

**(1)** a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and

**(2)** imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

**(b)** If the court decides to impose a condition of probation or supervised release restricting a defendant's engagement in a specified occupation, business, or profession, the court shall impose the condition for the minimum time and to the minimum extent necessary to protect the public.

Mr. Shayer contends that special condition 13 even in its current form does not satisfy the requirements of § 5F1.5.  The "nexus requirement" in subsection (a)(1) is not met, he argues, because there is no evidence his role as a hairdresser enabled or motivated his offense.  The "reasonably necessary" requirement in subsection (a)(2) is not met, in his view, because his offense conduct was limited to briefly viewing child pornography at home and computer monitoring and periodic polygraph tests conducted by the Probation Office show he poses no risk to minors.

Literally construed, subsection (a)(1)'s requirement that a reasonably direct relationship "existed" between the defendant's occupation and his offense conduct means that a restriction may be imposed only if there was a relationship between a defendant's occupation and his offense conduct. However, 18 U.S.C. § 3563(b)(7) contains no such requirement. It provides that a person's freedom may be restricted with regard to an occupation "bearing" a reasonably direct relationship to the offense conduct.  Moreover, the nexus requirement in the guideline must be interpreted in light of the court's authority under 18 U.S.C. § 3583(d)(1) to impose any discretionary condition of probation and "any other condition it considers to be appropriate" considering the nature and circumstances of the offense and the need to provide adequate deterrence and protection of the public.  A court cannot properly exercise the authority conferred by this statute if it is categorically precluded from imposing an occupational restriction simply because at the time of the offense conduct the person was working in a different occupation or not working at all.

Consistent with the terms of §§ 18 U.S.C. § 3583(d)(1) and 3563(b)(5), the nexus requirement in U.S.S.G. § 5F1.5(a)(1) should be deemed satisfied if the person on supervision wants to engage in an occupation bearing a reasonably direct relationship to the offense conduct.  In this case, there is a sufficiently direct relationship between Mr. Shayer's proposed occupation of providing hairdressing services to minors and the conduct relevant to his downloading offense to warrant an occupational restriction.

Turning to the "reasonably necessary" requirement of subsection (a)(2), Mr. Shayer correctly emphasizes that his offense conduct was not as serious as that described in cases cited by the Government.  Nonetheless, his offense conduct is sufficiently serious to justify a legitimate concern that he continues to present a risk of recidivism.  The risk may be "low," as he puts it, but it exists and cannot be ignored. Moreover, Mr. Shayer's vulnerability to relapse is partly a function of his mental and emotional condition, which is an ongoing concern for him.  However one gauges his risk of reoffense, the risk will be heightened if he is allowed to have regular contact with young children in the salon.

Mr. Shayer also correctly emphasizes that special conditions of his supervised release requiring computer monitoring and periodic polygraph examinations provide deterrence and protection of the public.  The question here, though, is whether additional restrictions are reasonably necessary to adequately serve these purposes if Mr. Shayer is going to be allowed to provide hairdressing services to young children.  Based on an individualized assessment of the need for additional restrictions in light of the parties' submissions and

the position of the Probation Office, I conclude that the answer is yes.

Accordingly, special condition 13 will be amended as follows:

Effective May 1, 2026, Mr. Shayer may provide hairdressing services to minor children of adult clients at the salon where he currently works ("the salon") but only by prior appointment made directly with the minor's parent or guardian by Mr. Shayer personally. In scheduling the appointment, Mr. Shayer must notify the parent or guardian that unaccompanied minors are not permitted in the salon and, accordingly, that a parent or guardian of the child must be physically present in the salon throughout the scheduled appointment.  Mr. Shayer will not provide services to the minor unless the parent or guardian agrees to be present and he will refrain from providing services to the minor unless the parent or guardian is physically present throughout.

Mr. Shayer will create and maintain a log of such appointments as follows: at the time the appointment is made, he will enter into the log the name of the parent or guardian, the name and age of the minor, the date and time of the appointment, and a notation reflecting that the parent or guardian has agreed to be present throughout the appointment.  Mr. Shayer will provide the log to the Probation Office on request.

Mr. Shayer will not communicate directly with any minor client through phone, email or other means except with the permission of the Probation Office.

Before Mr. Shayer may begin providing services to minors, the Probation Office will inform the owner of the salon as follows:

- Mr. Shayer is serving a term of federal supervised release as a result of his conviction for downloading child pornography;

- Mr. Shayer's special conditions of supervised release prohibit him from having contact with minors without the permission of the Probation Office;

- Mr. Shayer has asked for permission to provide hairdressing services to minor children at the salon provided the

6

child's parent or guardian is physically present in the salon throughout the appointment; and

- Mr. Shayer's request has been granted subject to the conditions set forth above.

The Probation Office will provide this information to the owner of the salon no later than April 21, 2026.

If Mr. Shayer does not want the Probation Office to provide this information to owner of the salon, he must notify the Probation Office on or before April 12, 2026.  In that event, the amendment will not go into effect and special condition 13 will remain unchanged.

So ordered this 2nd day of April 2026.


_____/s/ RNC_____

Robert N. Chatigny
United States District Judge